| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF UNION<br><br>WILLIAM BOWERS and<br>TRACY BOWERS<br><br>Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A. and<br>ALLIANCEONE RECEIVABLES<br>MANAGEMENT, INC.<br><br>Defendants. | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>17 CVS<br>**17CVS 01672**<br><br><br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendants' violations of the North Carolina's Prohibited Practices by Collection Agencies Act at N.C. Gen. Stat. § 58-70-90 *et. seq.* ("NCPPCA"), North Carolina Prohibited Acts by Debt Collectors Act (hereinafter "NCDCA") at N.C. Gen. Stat. § 75-50, *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* (hereinafter "TCPA").

## JURISDICTION

1. This action arises out of Defendants' violations of North Carolina's Prohibited Practices by Collection Agencies Act at N.C. Gen. Stat. § 58-70-90 *et. seq.* ("NCPPCA"), the North Carolina Prohibited Acts by Debt Collectors Act (hereinafter NCDCA) at N.C. Gen. Stat. § 75-50, *et seq.* the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

2. This case is brought within the applicable statutes of limitations of the state and federal claims.

-1-

3. Venue is proper in this District because the acts and transactions occurred in Union County, North Carolina, Plaintiffs reside in Union County, North Carolina and the Defendants transact business in Union County, North Carolina.

## PARTIES

4. Plaintiff William Bowers is a natural person who resides in the City of Matthews, County of Union, State of North Carolina, and is a "consumer" as that term is defined by the NCPPCA at N.C. Gen. Stat. § 58-70-90(2).

5. Plaintiff Tracy Bowers is a natural person who resides in the City of Matthews, County of Union, State of North Carolina, and is a "consumer" as that term is defined by the NCPPCA at N.C. Gen. Stat. § 58-70-90(2).

6. Plaintiffs are "consumers" as defined by the NCDCA at N.C. Gen. Stat. § 75-50(1).

7. Defendant Citibank, N.A. (hereinafter "CITI") is a national banking association chartered and regulated by the Office of the Comptroller of the currency with a principal place of business in New York and offices in North Carolina.

8. At all times relevant CITI was and is a "Debt Collector" as defined by the N.C. Gen. Stat. § 75-50(3).

9. Defendant AllianceOne Receivables Management, Inc., (hereinafter "AllianceOne") is a Delaware corporation and a "collection agency" as that term is defined by the NCPPCA at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90.

10. Defendants are engaged in the collection of debts from North Carolina consumers using the mail, internet and the telephone among other means.

11. Defendant AllianceOne regularly attempts to collect consumer debts alleged to be due to another.

12. At all times relevant to the subject matter of this Complaint Defendants were engaged in commerce in North Carolina.

## FACTUAL ALLEGATIONS

13. Plaintiffs incurred credit card debt with CITI and became delinquent on their payments on those accounts.

14. The alleged debt in this matter is a "debt" alleged to be owed as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(3).

15. With respect to Defendant CITI, the alleged debt in this matter is a "debt" alleged to be owed as defined by the N.C. Gen. Stat. § 75-50(2).

16. One or more of the alleged debts was consigned, placed or otherwise transferred to Defendant AllianceOne for collection from Plaintiffs.

17. In 2013 Plaintiffs began to receive numerous telephone calls from CITI in attempts to collect a debt on their cellular telephones.

18. CITI was the servicer of the alleged credit card accounts.

19. Many of these calls were placed back to back within minutes of one another.

20. Defendant CITI placed multiple calls to Plaintiffs' cellular telephone within the same day and called William Bowers on his work number.

21. Plaintiff William Bowers sent CITI cease and desist letters on December 5, 2012, and September 30, 2013 via certified mail requesting that CITI stop calling he and his wife regarding the alleged debts and to stop calling his work telephone number.

22. On or about December 31, 2013 and February 3, 2014 Plaintiffs received collection correspondence from AllianceOne seeking to collect the debts allegedly owed to CITI.

23. Plaintiff William Bowers sent AllianceOne a cease and desist letter on February 25, 2014 via certified mail requesting that AllianceOne stop calling he and his wife regarding the alleged debts and to stop calling his work telephone number.

24. CITI acknowledged receipts of William Bowers' cease and desist letters in correspondence dated June 26, 2013, June 28, 2013 and March 11, 2014. See Exhibit A, B and C attached and incorporated herein by reference.

25. Despite receipt of these cease and desist letters, CITI and AllianceOne continued their campaign of harassment by calling Plaintiffs' cellular telephones repeatedly and William Bowers' business telephone number.

26. On numerous occasions Plaintiff Tracy Bowers answered the debt collection calls from CITI and AllianceOne and requested that they stop calling Plaintiffs' cellular and business phone lines.

27. Defendants ignored her requests and continued to call their cellular and business lines.

28. Upon information and belief, Defendants have called Plaintiffs more than one-hundred (100) times after receipt of the cease and desist letters and being told verbally to stop calling.

29. Upon information and belief, Defendants placed multiple calls per day to Plaintiffs' cellular telephones and business phone line using an automated telephone dialing system.

30. Upon information and belief, Defendants left automated messages on Plaintiffs' cellular telephones and business phone line nearly every time they called that went unanswered.

31. Defendant CITI is liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal

32. law by its collection employees and AllianceOne, including but not limited to violations of the TCPA and North Carolina law, in their attempts to collect this debt from Plaintiffs.

32. In no verbal communication with Plaintiffs did any agent of Defendants inform them that they were attempting to collect a debt and that any information obtained would be used for that purpose.

## TRIAL BY JURY

33. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE NORTH CAROLINA PROHIBITED PRACTICES BY COLLECTION AGENCIES ACT
### N.C. Gen. Stat. §58-70-90, et seq.
### AllianceOne

34. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

35. AllianceOne in placing an excessive number of telephone calls to Plaintiffs' cellular phones and business line or causing them to ring with unreasonable frequency and leaving a voicemail on most calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiffs in connection with the attempt to collect a debt in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-100 and 58-70-100(3).

36. AllianceOne in continuing to place calls to Plaintiffs' cellular telephones and business line after being informed they did not want to receive further telephone calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiffs in connection with the attempt to collect a debt in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-100.

37. AllianceOne in placing telephone calls or attempting to communicate with Plaintiffs on a business line contrary to William Bowers' instructions, at his place of employment has engaged in oppressive, harassing or abusive conduct in violation of N.C. Gen. Stat. §58-70-100(4).

38. Defendant in attempting to collect this debt from the Plaintiff used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-110.

39. AllianceOne in communicating with Plaintiff without disclosing that it was a debt collector attempting to collect a debt has attempted to collect a debt by fraudulent, deceptive or misleading representations and has repeatedly violated the NCPPCA at N.C. Gen. Stat. § 58-70-110(2).

40. AllianceOne in continuing to place calls to Plaintiffs' cellular telephone and business line after being informed they could not accept calls there has attempted to collect this debt by the use of unfair practices in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-115.

41. As a result of Defendant's violations of the North Carolina Prohibited Practices by Collection Agencies Act, the Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §58-70-130; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

42. The above violations of the North Carolina Prohibited Practices by Collection Agencies Act constitute unfair or deceptive acts or practices proscribed in N.C. Gen. Stat. § 75-1.1 and entitle the Plaintiff to punitive damages in addition to any other damages suffered.

43. The actions of Defendant and its agents have proximately caused injury to Plaintiffs in the form of out-of-pocket expenses, emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT
## N.C. GEN. STAT. § 75-50 et seq.
## CITI

44. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

45. CITI in placing an excessive number of telephone calls to Plaintiff's cellular phone or causing it to ring with unreasonable frequency and leaving a voicemail on most calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the attempt to collect a debt in violation of the NCDCA at N.C. Gen. Stat. § 75-52 and 75-52(3).

46. CITI in continuing to place calls to Plaintiffs' cellular telephones and business line after being informed they did not want to receive further telephone calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiffs in connection with the attempt to collect a debt in violation of the NCDCA at N.C. Gen. Stat. § 75-52.

47. CITI in placing telephone calls or attempting to communicate with Plaintiffs on a business line contrary to William Bowers' instructions, at his place of employment has engaged in oppressive, harassing or abusive conduct in violation of NCDCA at N.C. Gen. Stat. § 75-52(4).

48. CITI in attempting to collect this debt from the Plaintiffs used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of the NCDCA at N.C. Gen. Stat. § 75-54.

49. CITI in continuing to place calls to Plaintiffs' cellular telephone and business line after being informed they could not accept calls there has attempted to collect this debt by the use of unconscionable means in violation of the NCDCA at N.C. Gen. Stat. § 75-55.

50. The communications with Plaintiffs were fraudulent, deceptive or misleading in that Defendant failed to disclose in all communications to collect this alleged debt that the purpose of such communication was to collect a debt in violation of the NCDCA at N.C. Gen. Stat. §75-54(2).

51. As a result of CITI's violations of N.C. Gen. Stat. §75-50, *et seq.*, (as described above) Plaintiffs are entitled to actual damages, statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation and punitive damages as well as reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-56(b) and §75-16.1.

52. The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the North Carolina Debt Collection Act, including but not limited to all of the above mentioned provisions as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

53. The actions of CITI and its agents have proximately caused injury to Plaintiffs in the form of out-of-pocket expenses, emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT III.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C §227, *et seq.*

54. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

55. Defendants used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to Plaintiffs' cellular telephones.

56. Plaintiffs did not expressly consent to Defendants' placement of telephone calls to their cellular telephones by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendants' placement of the calls.

57. None of Defendants' telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

58. Plaintiffs verbally told Defendants on multiple occasions to stop calling them on their cellular telephones and mailed them the letters referred to above asking that Defendants stop calling them and revoking any alleged consent to such calls.

59. Defendants willfully and knowingly violated the TCPA by continuing to place calls to Plaintiffs' cellular telephones after being told not to do so.

60. The above-detailed conduct by Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the TCPA, NCDCA and NCPPCA, including but not limited to all of the above mentioned provisions of the TCPA, NCDCA and NCPPCA, as well as an invasion of Plaintiffs' privacy and resulted in actual damages to them.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants:

### COUNT I.

## VIOLATIONS OF THE NCPPA

1. For an award of actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 58-70-90, *et. seq.* alleged therein;

2. For an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from the Defendants;

3. For an award of any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from the Defendants;

4. For a trial before a jury on all issues so triable;

5. For such other and further relief as may be just and proper.

## COUNT II

## VIOLATIONS OF THE NCDCA

1. Award them actual damages in an amount to be determined at trial, $4000 in statutory damages per violation alleged herein and punitive damages pursuant to N.C. Gen. Stat. §75-56(b) alleged herein from Defendants.

2. Award them the costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from Defendants.

3. Award them the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from Defendanst.

4. Grant trial before a jury on all issues so triable.

5. Grant such other and further relief as the Court deems just and proper.

## COUNT III

## VIOLATIONS OF THE TCPA

1. That the Court declare that Defendants' calls violate the TCPA;

2. That the Court issue a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiffs' prior express consent;

3. For an award of actual damages in an amount to be determined at trial and $500.00 in statutory damages per violation and $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C §227 (b)(3);

4. For a trial before a jury on all issues so triable;

5. For such other and further relief as may be just and proper.

This the 22 day of June, 2017

Travis E. Collum
N.C. Bar No. 29158
Attorney for Plaintiffs
Collum & Perry, PLLC
Post Office Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Facsimile: (704) 663-4178
travis@collumperry.com

# EXHIBIT A



June 26, 2013


WILLIAM E BOWERS
BUTTERBURR DR
MATTHEWS NC



CITI CARD
Account Number Ending In: 2453

Dear WILLIAM E BOWERS:

You recently asked us to stop contacting you about your outstanding credit card loan. We received your request and want to let you know how it will affect our next steps.

If we can't talk to you, we may need to pursue further collection efforts on your account.

We continue to believe that we have programs that may help you pay your account balance. If you change your mind about speaking with us directly, please contact us at the toll-free number below so that we can discuss options that might be available to you.

Sincerely,

G. Goldberg
Vice President
Citibank, N.A.

Your CITI CARD account is issued and serviced by Citibank, N.A.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Toll Free Telephone Number: 877-210-9721*
TDD Number: 1-800-926-5818 (Hearing Impaired Only)

Any representative can assist you.

Office Hours (Central Time):
Monday - Thursday 8:00 a.m. to 6:00 p.m.
Friday 8:00 a.m. to 5:00 p.m.

Send Correspondence to:
Citi Cards
PO Box 6077
Sioux Falls, SD 57117-6077

*Calls are randomly monitored and recorded to ensure quality service.

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

El propósito de esta comunicación es cobrar una deuda y cualquier información obtenida se utilizará para ese propósito.

Information for Massachusetts Residents:

### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

Información para residentes de Massachusetts:

### AVISO DE DERECHOS IMPORTANTES

USTED TIENE DERECHO A SOLICITAR POR ESCRITO U ORALMENTE NO RECIBIR LLAMADAS TELEFÓNICAS EN SU LUGAR DE TRABAJO CON RESPECTO A SU DEUDA. CUALQUIER SOLICITUD ORAL SERÁ VÁLIDA POR DIEZ DÍAS, A MENOS QUE USTED PROPORCIONE UNA CONFIRMACIÓN ESCRITA DE LA SOLICITUD, MATASELLADA O ENTREGADA DENTRO DE LOS SIETE DÍAS HÁBILES DESDE QUE REALIZÓ LA SOLICITUD ORAL. USTED PUEDE CANCELAR ESTA SOLICITUD ESCRIBIENDO AL ACREEDOR.

Rev. 05/09

# EXHIBIT B



June 28, 2013



WILLIAM E BOWERS
BUTTERBURR DR
MATTHEWS NC



CITI CARD
Account Number Ending In: 0439

Dear WILLIAM E BOWERS:

You recently asked us to stop contacting you about your outstanding credit card loan. We received your request and want to let you know how it will affect our next steps.

If we can't talk to you, we may need to pursue further collection efforts on your account.

We continue to believe that we have programs that may help you pay your account balance. If you change your mind about speaking with us directly, please contact us at the toll-free number below so that we can discuss options that might be available to you.

Sincerely,

G. Goldberg
Vice President
Citibank, N.A.

Your CITI CARD account is issued and serviced by Citibank, N.A.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Toll Free Telephone Number: 877-210-9721*
TDD Number: 1-800-926-5818 (Hearing Impaired Only)

Any representative can assist you.

Office Hours (Central Time):
Monday - Thursday 8:00 a.m. to 6:00 p.m.
Friday 8:00 a.m. to 5:00 p.m.

Send Correspondence to:
Citi Cards
PO Box 6077
Sioux Falls, SD 57117-6077

*Calls are randomly monitored and recorded to ensure quality service.

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

El propósito de esta comunicación es cobrar una deuda y cualquier información obtenida se utilizará para ese propósito.

Information for Massachusetts Residents:

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

Información para residentes de Massachusetts:

AVISO DE DERECHOS IMPORTANTES

USTED TIENE DERECHO A SOLICITAR POR ESCRITO U ORALMENTE NO RECIBIR LLAMADAS TELEFÓNICAS EN SU LUGAR DE TRABAJO CON RESPECTO A SU DEUDA. CUALQUIER SOLICITUD ORAL SERÁ VÁLIDA POR DIEZ DÍAS, A MENOS QUE USTED PROPORCIONE UNA CONFIRMACIÓN ESCRITA DE LA SOLICITUD, MATASELLADA O ENTREGADA DENTRO DE LOS SIETE DÍAS HÁBILES DESDE QUE REALIZÓ LA SOLICITUD ORAL. USTED PUEDE CANCELAR ESTA SOLICITUD ESCRIBIENDO AL ACREEDOR.

Rev. 05/09

682-2139-0709B

# EXHIBIT C



March 11, 2014



WILLIAM E BOWERS
▮▮▮ BUTTERBURR DR
MATTHEWS NC ▮▮▮



CITI CARD
Account Number Ending In: 5140

Dear WILLIAM E BOWERS:

You recently asked us to stop contacting you about your outstanding credit card loan. We received your request and want to let you know how it will affect our next steps.

If we can't talk to you, we may need to pursue further collection efforts on your account.

We continue to believe that we have programs that may help you pay your account balance. If you change your mind about speaking with us directly, please contact us at the toll-free number below so that we can discuss options that might be available to you.

Sincerely,

G. Goldberg
Vice President
Citibank, N.A.

Your CITI CARD account is issued and serviced by Citibank, N.A.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Toll Free Telephone Number: 877-210-9721*
TDD Number: 1-800-926-5818 (Hearing Impaired Only)

Any representative can assist you.

Office Hours (Central Time):
Monday - Thursday 8:00 a.m. to 6:00 p.m.
Friday 8:00 a.m. to 5:00 p.m.

Send Correspondence to:
Citi Cards
PO Box 6077
Sioux Falls, SD 57117-6077

*Calls are randomly monitored and recorded to ensure quality service.

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

El propósito de esta comunicación es cobrar una deuda y cualquier información obtenida se utilizará para ese propósito.

Information for Massachusetts Residents:
NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

Información para residentes de Massachusetts:
AVISO DE DERECHOS IMPORTANTES
USTED TIENE DERECHO A SOLICITAR POR ESCRITO U ORALMENTE NO RECIBIR LLAMADAS TELEFÓNICAS EN SU LUGAR DE TRABAJO CON RESPECTO A SU DEUDA. CUALQUIER SOLICITUD ORAL SERÁ VÁLIDA POR DIEZ DÍAS, A MENOS QUE USTED PROPORCIONE UNA CONFIRMACIÓN ESCRITA DE LA SOLICITUD, MATASELLADA O ENTREGADA DENTRO DE LOS SIETE DÍAS HÁBILES DESDE QUE REALIZÓ LA SOLICITUD ORAL. USTED PUEDE CANCELAR ESTA SOLICITUD ESCRIBIENDO AL ACREEDOR.

Rev. 05/09

682-2139-0709B