IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:17-cv-00462

| | |
|---|---|
| WILLIAM BOWERS and TRACY BOWERS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A. and ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendants,<br><br>Defendant. | **CONSENT ORDER GRANTING MOTION TO STAY AND COMPEL ARBITRATION** |

This matter comes before the Court upon the motion of defendant Citibank, N.A. ("Citibank") for entry of an order compelling the Plaintiff's claims in this matter to arbitration and to stay these proceedings pending a resolution of the arbitration (the "Motion"). Contemporaneous with the Motion, Citibank filed a Memorandum in Support of the Motion to Compel Arbitration and Stay the Case and the Declaration of Kelly Booth. All parties consent to the Motion and the entry of this order.

Based upon a review of the record, the contents of the Motion, the Memorandum in support of the Motion, and the Declaration of Kelly Booth, and noting the consent of all Parties, the Court finds and concludes and concludes as follows:

1.  This dispute was filed by Plaintiff on July 26, 2017 in Union County Superior Court against Citibank, a national bank and credit card issuer, for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-50, *et seq.* ("NCDCA"), and the North Carolina Prohibited Practices by Collection Agencies Act, N.C. Gen. Stat. §§ 58-70-90 *et seq*. Also named as a defendant in the action is AllianceOne Receivables Management, Inc. ("AllianceOne"), who allegedly attempted to collect accounts of Citibank.

2.  Plaintiff William Bowers has three credit card accounts with Citibank ending in 2453, 0439, and 5140. Plaintiff Tracy Bowers is an authorized user of the 5140 account. Each of the accounts is subject to written terms and conditions as reflected in card agreements (the "Card Agreements"), as amended from time to time.

3.  The Card Agreements include a choice of law provision providing for the application of federal law and the law of South Dakota, where Citibank is located.

4.  The Card Agreements also contain a binding arbitration agreement (the "Arbitration Agreements").

5.  The Arbitration Agreements are identical and provide that either party can elect mandatory binding arbitration as follows (in salient part):

> **ARBITRATION:**
> **PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN**

**ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**

*Agreement to Arbitrate:*
Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").

*Claims Covered*
**What Claims are subject to arbitration?** All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision. All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; and Claims made independently or with other claims. A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party. Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis.

**Whose Claims are subject to arbitration?** Not only ours and yours, but also Claims made by or against anyone connected with us or you or claiming through us or you, such as a co-applicant, authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee, or trustee in bankruptcy.

\*   \*   \*

**Broadest Interpretation.** Any questions about whether Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced. This arbitration provision is governed by the Federal Arbitration Act (the "FAA").

\*   \*   \*

~#4826-2026-2225 - 06436/01523~

6. All claims against Citibank stated in Plaintiffs' Complaint are encompassed by the language of the Arbitration Agreements. Plaintiffs' Complaint alleges misconduct by, and a disagreement with, Citibank concerning the credit card and related services, specifically, making telephone calls in an effort to collect on a debt governed by the Card Agreements. Plaintiffs must, therefore, arbitrate the claims alleged in this case instead of pursuing a lawsuit in this Court.

7. Further, the Court finds and concludes that the arbitration agreement extends to and includes the Plaintiff's claims against AllianceOne.

8. The Court finds and concludes that the elements that must be established to compel arbitration have all been established: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute and that is enforceable under general provisions of contract law; (3) the relationship of the transaction, as evidenced by the agreement, to interstate commerce; and (4) the failure, neglect or refusal of a party to arbitrate the dispute. *See American Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005).

**THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED** as follows:

1. The Motion is granted.

2. The Plaintiff's claims in this action are compelled to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.

~#4826-2026-2225 - 06436/01523~

3. These proceedings are stayed pending the resolution of the arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3.

4. This parties are directed to notify this Court upon the conclusion of the arbitration.

SO ORDERED.

Signed: October 19, 2017

Graham C. Mullen
United States District Judge

WE CONSENT:

/s/ Travis E. Collum (w/ permission)
Travis E. Collum, NC Bar No. 29158
Attorney for Plaintiffs
COLLUM & PERRY, PLLC
Post Office Box 1739
Mooresville, NC 28115
Telephone: 704.663.4187
Fax: 704.663.4178
E-mail: travis@collumperry.com

/s/ Caren D. Enloe (w/ permission)
Caren D. Enloe, NC Bar No. 17394
Attorney for AllianceOne Receivables Management, Inc.
SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
Post Office Box 26268
Raleigh, NC 27611
Telephone: 919.250.2000
Fax: 919.250.2124
E-mail: cenloe@smithdebnamlaw.com

/s/ Donald R. Pocock
Donald R. Pocock, NC Bar No. 29393
Attorney for Citibank, N.A.
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336.774.3324
Fax: 336.774.3376
E-mail: donald.pocock@nelsonmullins.com